

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Sam R. Davidson
County Attorney
Hockley County
Levelland, Texas

O-4569

Dear Mr. Davidson:

Opinion No. O-4589

Re: Can the Commissioners' Court of
Hockley County lease the Phillips
Dupree Hospital for the benefit
and use of Hockley County without
holding an election?

We have your letter of April 28, 1942, requesting
the opinion of this department on the above stated question,
which reads as follows:

"Can the Commissioners of Hockley
Co., Texas, lease the above named Hospital
for the benefit and use of Hockley Co.
Texas without holding an election?

"Argument

"The Phillips Dupree Hospital is owned
by Dr. C. A. Phillips and Dr. John Dupree.
Dr. Phillips has been in the army for about
a year and Dr. Dupree will be called soon.
This hospital is an outstanding institution
and has rendered a real service to this
country. This Hospital is not for sale.
The citizens of Hockley Co. would like to
keep the Hospital open during this emergency
as it is badly needed. There is no contro-
versy or contention in this matter and all we
would like to know is a method by which we can
lease this institution and keep its doors open
to the public. All the Physicians of Level-
land and the surrounding country could have
their patients cared for near home. To have
a large oil field in this county and altho

Lubbock is well equipped in the way of hos-
pitals, we cannot get such service there as
they are overloaded on account of the large
Twin Bomber Field. Any help you can give us
will be appreciated."

Chapter 5, Title 71, Vernon's Annotated Civil Stat-
utes, is the general law authorizing the Commissioners' Court
of any county to establish a county hospital and to enlarge
any existing hospitals for the care and treatment of persons
suffering from any illness, disease or injury, subject to the
provisions set forth in said chapter.

Article 4478, Vernon's Annotated Civil Statutes,
provides in part:

"The commissioners court of any county
shall have power to establish a county hos-
pital and to enlarge any existing hospitals
for the care and treatment of persons suffer-
ing from any illness, disease or injury, sub-
ject to the provisions of this chapter. At
intervals of not less than twelve months, ten
per cent of the qualified tax paying voters
of a county may petition such court to pro-
vide for the establishing or enlarging of a
county hospital, in which event said court
within the time designated in such petition
shall submit to such voters at a special or
regular election the proposition of issuing
bonds in such aggregate amount as may be
designated in said petition for the estab-
lishing or enlarging of such hospital. When-
ever any such proposition shall receive a
majority of the votes of the qualified property
tax payers voting at such election, said com-
missioners court shall establish and maintain
such hospital and shall have the following
powers:

"1. To purchase and lease real property
therefor, or acquire such real property, and
easements therein, by condemnation proceed-
ings.

"* * * *"

We note from the reading of this statute that the Commissioners' Court has the power to establish hospitals subject to the provisions of the chapter. The provisions then follow that upon the filing of the petition by ten per cent of the qualified property tax paying voters, the Commissioners' Court shall submit such proposition to the voters at a regular or special election. The only two cases that we are able to find which discuss this article are Snydler v. Border, 115 S. W. (2) 702, and State of Texas ex rel Wilson County Attorney v. Barber, County Judge, et al, 115 S. W. (2) 1137, holding that this article is not in violation of the Constitution, but nowhere does the court go further with reference to the prerequisite of an election. However, it is apparent from the reading of both cases that the election was called pursuant to a petition properly filed with the Commissioners' Court.

Article 8, Section 9, Constitution of Texas, provides that:

"No county, city or town shall levy more than twenty-five cents (25¢) for city or county purposes."

And Article 2353, Vernon's Annotated Civil Statutes, follows the same with the provision that:

"Said county (commissioners) shall have the power to levy and collect tax for county purposes not to exceed twenty-five cents (25¢) on the one hundred dollar ($100.00) valuation."

The levy of a tax for county purposes would include the levy of a tax to maintain the hospital. However, your attention is called to the limit of twenty-five cents on the one hundred dollar valuation for county purposes, and we would mention that no tax can be levied for the maintenance of the hospital which would have the effect of swelling the levy for general purposes to exceed the twenty-five cent limit.

You are advised, and it is the opinion of this Department, that the Commissioners' Court of Hockley County may lease the property described by you as a hospital for the use and benefit of Hockley County, without the holding of an election, provided, in so doing, no issuing of bonds is involved.

However, if the issuing of bonds is contemplated, it is our further opinion that the proposition of issuing them must be submitted and decided at a proper election held in compliance with the statute.

Our opinion is compelled by what we construe to be the plain meaning of Article 4478 of the Revised Civil Statutes, Vernon's codification. That Article declares:

"The Commissioners' Court of any county shall have power to establish a county hospital and to enlarge any existing hospitals for the care and treatment of persons suffering from illness, disease or injury, subject to the provisions of this Chapter. * * *."

This language is plain and unambiguous, and confers unqualified general power upon the Commissioners' Court to establish and to enlarge hospitals for county purposes.

It is true the power is "subject to the provisions of this Chapter." We find nothing in the Chapter that would operate to defeat the authority of the Commissioners' Court to lease the property under consideration.

The succeeding portion of Article 4478 with respect to the elections does not detract from our conclusion, but, on the contrary, those succeeding portions prescribe a mandatory duty with respect to such matter of establishing and maintaining a hospital, when the requisite number of qualified taxpaying voters of a county petition such court, in accordance with the statute.

We think the general power conferred upon the Commissioners' Court of a county thus to establish a county hospital or to enlarge any existing hospital, carries with it by necessary implication the power to do all those things, such as equipping and operating the hospital, as are reasonably necessary in the establishment thereof.

Our Opinion No. O-2580, addressed to Honorable Murphy Cole, County Auditor, Liberty County, Liberty, Texas, insofar as the same conflicts herewith is hereby overruled. The opinion had already been modified in our Opinion No. O-2580-A.

Honorable Sam H. Davidson - page 5


        Trusting that the above fully answers your
inquiry, we are

                    Very truly yours

                    ATTORNEY GENERAL OF TEXAS

            By                    Ocie Speer
                                  Assistant



OS-MR




                APPROVEDMAY 27, 1942

                ATTORNEY GENERAL OF TEXAS

                        THIS OPINION
                        CONSIDERED AND
                        APPROVED IN
                        LIMITED
                        CONFERENCE